IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: CUMMINGS MANOOKIAN, PLLC, | ) | |
| | ) | |
|    Debtor | ) | |
| | ) | |
| BRIAN MANOOKIAN, | ) | |
| | ) | |
|    Appellant | ) | |
| | ) | |
| v. | ) | Case No: 3:21-cv-00797 |
| | ) | Judge Crenshaw |
| JEANNE ANN BURTON, TRUSTEE, | ) | Magistrate Judge Newbern |
| | ) | |
|    Appellee. | ) | |

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Case No. 3:19-bk-07235

_____

BRIEF OF THE APPELLEE, JEANNE ANN BURTON, TRUSTEE

_____

Phillip G. Young, Jr.
THOMPSON BURTON PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:  615-465-6000
phillip@thompsonburton.com

*Special Counsel for Appellee,*
*Jeanne Ann Burton, Trustee*

# I.    TABLE OF CONTENTS

Page

I.      Table of Contents…………………………………………………………..1

II.     Table of Authorities……………………………………………..……....2

III.    Statement Regarding Oral Argument……………………………….……..4

IV.     Statement of the Case…………………………………..………………...4

V.      Standard of Review...……………………………………………..……10

VI.     Summary of Argument……………………………………………..…11

VII.    Argument…………………………………………………..………...12

    A.      APPELLANT HAS NOT PROVEN THAT HE HAS STANDING IN THIS MATTER…………………………………..……........12

    B.      APPELLANT IS ESTOPPED FROM ARGUING THAT HE HAS STANDING IN THIS MATTER…………………………...…….…..14

    C.      EVEN IF HE HAD STANDING, APPELLANT HAS NOT DEMONSTRATED THAT THE COURT ERRED IN APPROVING THE PROPOSED SETTLEMENT……………………...…………..…17

VIII.   Conclusion…………………………………………………...……….19

IX.     Certificate of Compliance with Fed. R. App. P. 32(a)(7)…………....……….20

X.      Certificate of Service…………………………………………...…….21

## II.    TABLE OF AUTHORITIES

### Federal Cases

PAGE

*60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities)*
    281 F.3d 109 (2d Cir. 2000)…………………………...……….....……..10

*Boyd v. Shuford*
    2018 U.S. Dist. LEXIS 54661 (W.D.N.C. 2018)……………...……....……..12

*Brady-Morris v. Schilling*
    303 F.3d 671 (6th Cir. 2002)…………………………...…………....……..10

*Furlough v. Cage (In re Technicool Systems)*
    896 F.3d 382 (5th Cir. 2008)…………………………...……….....……..12

*Hindelang v. Mid-State Aftermarket Body Parts, Inc. (In re MQVP, Inc.)*
    477 Fed. Appx. 310 (6th Cir. 2012)………………………………....……..10

*In re Rake*
    363 B.R. 146 (Bankr. D. Idaho 2007)…………………………....……..13

*In re St. Michael Motor Express*
    2016 Bankr. LEXIS 959 (Bankr. W.D. Tenn. 2016)………………....……..12, 13

*In re White*
    2018 Bankr. LEXIS 2289 (Bankr. E.D. Mich. 2018)…………………....……..12

*Khan v. Regions Bank*
    2011 Bankr. LEXIS 3786 (Bankr. E.D. Tenn. 2011)…………………....……..12

*Licata v. Coan*
    2015 U.S. Dist. LEXIS 160333 (D. Conn. 2015)………...……………....……..10

*Lyndon Prop. Ins. Co. v. E. Ky. Univ.*
    200 Fed. Appx. 409 (6th Cir. 2006)…………………………………....……..10

*Pascazi v. Fiber Consultants, Inc.*
    445 B.R. 124 (Bankr. S.D.N.Y. 2011)…………………………...……….....……..13

*Reynolds v. Commissioner of Internal Revenue*
    861 F.2d 469 (6th Cir. 1988)……………………………...……….....……..16

*Rogan v. Bank One, N.A. (In re Cook)*
    457 F.3d 561 (6th Cir. 2006)…………………………...…………....……..10

2

*Schwab v. Oscar (In re SII Liquidation Co.)*
      517 B.R. 72 (6th Cir. BAP 2014)……………………………………..……..10

*Simon v. Amir*
      436 B.R. 1 (6th Cir. BAP 2010)…………………..……………..……..13

*Ultimore, Inc. v. Bucala*
      464 B.R. 626 (Bankr. S.D.N.Y. 2012)……………………..……………..……..12

*United States v. Jones*
      260 B.R. 415 (E.D. Mich. 2000)……………………………………..……..13

### III. STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Rule 34 of the Federal Rules of Appellate Procedure, Appellee Jeanne Ann Burton, Trustee submits that oral argument is not necessary in this matter. However, to the extent the Court grants oral argument to the Appellant, the Appellee would likewise request to be heard.

### IV. STATEMENT OF THE CASE

Cummings Manookian, PLC (the "Debtor") [1], a defunct Tennessee law firm, initiated this bankruptcy case on November 6, 2019 (the "Petition Date") by filing a voluntary petition for Chapter 7 relief in the Bankruptcy Court for the Middle District of Tennessee. *See* Bankruptcy Doc. 1. The voluntary petition was signed under penalty of perjury by Brian Manookian (the "Appellant" or "Manookian"), the appellant herein. *See* id. Likewise, the Appellant signed the Debtor's schedules under penalty of perjury. *See* Bankruptcy Doc. 9. Those schedules list assets totaling $70,000.00, and liabilities totaling $1,060,000.00. *See* id.

Jeanne Ann Burton (the "Trustee" or "Appellee") was appointed to serve as the Chapter 7 Trustee for the estate of Cummings Manookian, PLC. *See* Bankruptcy Doc. 2. On November 18, 2019, the Trustee sought permission to employ Thompson Burton, PLLC ("TB") as special counsel. *See* Bankruptcy Doc. 6. The Trustee sought the employment of TB as special counsel in part because Phillip Young, a member of TB, had been serving as receiver for the collection of the Debtor's accounts receivable in a state court action prior to the Petition Date. *See* id. The Appellant objected to the employment of TB,

---

[1] The bankruptcy petition incorrectly identified the Debtor as "Cummings Manookian, PLLC". In fact, the Debtor's correct legal name is "Cummings Manookian, PLC".

arguing that Mr. Young's prior employment as receiver created a conflict for his firm's employment as special counsel for the Trustee. *See* Bankruptcy Doc. 14. Both the Appellant and TB filed multiple briefs on the contested employment motion, *see* Bankruptcy Doc. 14, 16, 18, 19, 21, and the Bankruptcy Court conducted a hearing to consider the matter on December 17, 2019. After considering the Appellant's conflict arguments, the Bankruptcy Court approved the employment of TB over the Appellant's objection. *See* Bankruptcy Doc. 23. That order was not appealed.

Among the actions taken by the Trustee during the administration of the Debtor's estate was the filing of a complaint (the "Complaint") against Afsoon Hagh ("Hagh"), Hagh Law, PLLC ("Hagh Law"), and Manookian, PLLC ("Manookian Law"). *See* Adversary Proceeding No.3:20-ap-90002 (the "AP"), Doc. 1. The Complaint alleged, among other things, that Hagh, Hagh Law, and Manookian Law were the successors in interest to the business of the Debtor and/or received substantial fraudulent transfers from the Debtor. *See* id. Hagh is the wife of Appellant, Hagh Law is her solely owned entity, and Manookian Law is Appellant's solely owned entity. *See* id. In the early stages of the AP, the Appellant signed a declaration under penalty of perjury denying that the Trustee had any valid cause of action against any of the AP defendants. *See* Adv. Proc. Doc. 7, Exhibit 1. The Appellant has repeated this same denial, in his role as the managing member of Manookian Law, throughout the course of the AP. *See* Adv. Proc. Doc. 43, 61, 71. The AP remains pending and unresolved.

The largest claim filed against the Debtor's bankruptcy estate was unsecured claim number 5 (the "Chase Claim") filed by Dean Chase, Sandra Chase, and D.F. Chase, Inc. (the "Chase Parties") in the amount of $806,927.04. *See* Bankruptcy Claim No. 5 and

Bankruptcy Doc. 108. The Chase Claim was based on a sanctions judgment (the "Sanctions Judgment") rendered against the Debtor, the Appellant, and other parties by the Circuit Court for Williamson County, Tennessee. *See* id. As of the Petition Date, the Appellant and other parties had appealed the Sanctions Judgment but had not stayed the enforceability of the Sanctions Judgment pending appeal. *See* Bankruptcy Doc. 108. Therefore, as of the commencement of the bankruptcy, the Sanctions Judgment underlying the Chase Claim was valid and enforceable.

On February 4, 2021, the Tennessee Court of Appeals found that the judge who had issued the Sanctions Judgment had an appearance of bias and, therefore, the Court of Appeals vacated the Sanctions Judgment and remanded the hearing for further determination by the Circuit Court for Williamson County, Tennessee. *See* Bankruptcy Doc. 108. In essence, the conduct of the Debtor, the Appellant and other parties that gave rise to the Sanctions Judgment must now be examined by a new judge in order to determine whether sanctions are appropriate. *See* id. That matter remains pending.

In the face of the uncertainty of the Chase Claim and the Sanctions Judgment underlying it, the Trustee reached a settlement of the Chase Claim with the Chase Parties. *See* Bankruptcy Doc. 108. Pursuant to the terms of that settlement, the Trustee agreed to allow the Chase Claim as a general unsecured claim in the amount of $250,000.00 (the "Allowed Amount")(reduced from $806,927.04), and the Chase Parties agreed to dismiss the Debtor from the State Court action and to release any other claims that the Chase Parties might have against the Trustee or the estate. *See* id. As stated in the Motion to Approve Compromise and Settlement (the "Settlement Motion"), the Trustee reached this settlement because it reduced the potential exposure of the estate, allowed the estate to avoid lengthy

6

and costly ongoing litigation, and was in the best interest of judicial economy. *See* id. The Settlement Motion drew two objections, one from the Appellant (*see* Bankruptcy Doc. 112 and 123) and one from a creditor, Grant, Konvalinka & Harrison P.C. ("Konvalinka") (*see* Bankruptcy Doc. 111).

The Trustee responded to the objections of both Konvalinka and the Appellant. *See* Bankruptcy Doc. 124 and 125. The Trustee also filed a motion to strike the Appellant's objection, and to preclude the Appellant from testifying at the hearing, on the grounds that the Appellant lacked standing to object to the Settlement Motion (the "Standing Objection"). *See* Bankruptcy Doc. 136. The Bankruptcy Court conducted a hearing on the Trustee's Settlement Motion, the objections thereto by the Appellant and Konvalinka, and the Standing Objection on September 29, 2021.

As reflected in the Bankruptcy Court's order (*see* Bankruptcy Doc. 147) and the hearing transcript (*see* Bankruptcy Doc. 157), the Bankruptcy Court first took up the issue of whether the Appellant had standing to object to the Settlement Motion. The Bankruptcy Court allowed Appellant's counsel to question the Trustee at length regarding the proposed settlement, the assets of the estate, and the liabilities of the estate. *See* id. At the conclusion of the Trustee's testimony, and after argument by counsel for the Trustee and counsel for the Appellant, the Bankruptcy Court found that the Appellant lacked standing to object to the Settlement Motion. *See* id. In reaching its conclusion, the Bankruptcy Court specifically found: "Mr. Manookian, to date, has not offered *any concrete evidence*, and I'll use that same word that Mr. Young has used, that this is a surplus case." *See* Bankruptcy Doc. 157, p.53 . The Bankruptcy Court further noted, however, that the Appellant's interests were nonetheless being considered because the Bankruptcy Court would hear

Konvalinka's objection to the Settlement Motion, which contained substantially similar grounds:

> The Court would further point that the Court is addressing that issue in the second phase of this hearing, in which there is a party withstanding, who has objected. So in fact, Mr. Manookian, he doesn't get his day in court but the issue gets its day in court. So in fact, even if there were harm to Mr. Manookian, there is no harm to Mr. Manookian because the Court still is addressing the sufficiency of the settlement agreement in which the Trustee is attempting to enter into.

*See* Bankruptcy Doc. 147, pp. 54-55.

The Bankruptcy Court considered Konvalinka's objection, allowing its counsel to again question the Trustee at length. *See* Bankruptcy Doc. 157. Following the Trustee's questioning, and arguments by counsel for the Trustee and counsel for Konvalinka, the Bankruptcy Court approved the Trustee's Settlement Motion. *See* Bankruptcy Doc. 147 and 157. Notably for this matter, the Bankruptcy Court specifically found that, even if the Appellant had been granted standing, the Bankruptcy Court would have nonetheless approved the Settlement Motion over his objection: "As part of this hearing strayed into Mr. Manookian and his objection, the Court will note that even if Mr. Manookian had standing to object, nothing in his pleadings or the evidence submitted would amount to a challenge of the Trustee's business judgment." *See* Bankruptcy Doc. 157, pp.114-115.

The Bankruptcy Court issued an Order Granting Motion to Approve Compromise and Settlement and Finding that Brian Manookian Lacks Standing (the "Order") on October 1, 2021. *See* Bankruptcy Doc. 147. The Appellant appealed the Bankruptcy Court's Order to this Court on October 14, 2021. *See* Bankruptcy Doc. 149. The Appellant's statement of issues on appeal to this Court are as follows: "Did the Bankruptcy Court err in holding that Appellant was required to show a 'high likelihood' of a surplus to

have standing to object to the settlement of a valueless legal claim for $250,000?" and "Did the Appellant show a reasonable possibility that the bankruptcy estate could yield a surplus, entitling an interested party who would benefit from the surplus to object to the settlement of a valueless legal claim for $250,000?". *See* District Court Doc. 5. The Appellant did not appeal the Bankruptcy Court's penultimate conclusion, that the Settlement Motion should be approved. *See* id. Therefore, it is unclear what, if any, relief the Appellant is seeking through this appeal.

Regarding whether or not the Debtor's estate was likely to be a surplus case, thus entitling the Appellant to standing to appeal the Bankruptcy Court's Order, the uncontroverted testimony of the Trustee demonstrates that the Appellant cannot prove with any concrete evidence that the bankruptcy estate might have surplus assets. The Trustee testified that:

- She could not say with any degree of certainty that the estate would be a surplus estate. *See* Bankruptcy Doc. 157, p.30.

- There are many litigation variables affecting the ultimate assets collected by the estate. *See* id at pp. 30-31.

- There are variables in the amount of claims and administrative claims against the estate. *See* id a p. 31.

- The estate is not currently a surplus estate. *See* id a p. 32.

- The litigation being pursued by the Trustee is not a certainty. *See* id. at pp.37-38.

- The Trustee does not feel that this estate is likely to be a surplus estate. *See* id at p. 39.

The Appellant offered no other witness or evidence to rebut the Trustee's testimony.

## V.    STANDARD OF REVIEW

A district court must review a bankruptcy court's findings of fact using the clearly erroneous standard.  *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 565 (6th Cir. 2006) (citing *Brady-Morris v. Schilling*, 303 F.3d 671, 676 (6th Cir. 2002)).  Conclusions of law reached by the bankruptcy court are reviewed *de novo*.  *Id*.

A bankruptcy court's approval of a settlement agreement is reviewed only for an abuse of discretion.  *Hindelang v. Mid-State Aftermarket Body Parts, Inc. (In re MQVP, Inc.)*, 477 Fed. Appx. 310, 312 (6th Cir. 2012) (citing *Lyndon Prop. Ins. Co. v. E. Ky. Univ.*, 200 Fed. Appx. 409, 413 (6th Cir. 2006).  While all jurisdictional conclusions such as standing must be reviewed *de novo*, *Schwab v. Oscar (In re SII Liquidation Co.)*, 517 B.R. 72, 74 (6th Cir. BAP 2014) (citations omitted), the facts leading the bankruptcy court to that conclusion may be reviewed for an abuse of discretion.  "A bankruptcy court's finding that a reasonable possibility of a surplus does not exist is a finding of fact reviewed for clear error."  *Licata v. Coan*, 2015 U.S. Dist. LEXIS 160333 at *15-16 (D. Conn. 2015) (citing *60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities)*, 281 F.3d 109, 116 (2d Cir. 2000)).

# VI.    SUMMARY OF ARGUMENT

The Appellant's appeal of the Bankruptcy Court's order approving the settlement of the Chase Claim lacks merit for numerous reasons.  First, a principal of a Debtor company, like the Appellant, lacks standing to be heard in a Chapter 7 case unless he can prove with concrete evidence that there is a reasonable possibility that the estate will have surplus funds. Despite being granted an opportunity to present evidence on this point, and despite a lengthy examination of the Trustee by Appellant's counsel, the Appellant was unable to carry that burden of proof.  Moreover, the Appellant is judicially estopped from now arguing that the estate might have a surplus given his numerous, and continuing, statements made under penalty of perjury and arguments to the Bankruptcy Court to the contrary.  Appellant should have been estopped from even presenting evidence as to any surplus estate, and should now be estopped from pursuing this appeal on those grounds. Finally, even if the Appellant could show that the estate was a surplus estate and was not estopped from taking that position, this appeal is nonetheless moot.  The Bankruptcy Court specifically stated that it had considered the Appellant's arguments, despite his lack of standing, and rejected those arguments in deciding to approve the settlement of the Chase Claim.

# VII.   ARGUMENT

## A.   APPELLANT HAS NOT PROVEN THAT HE HAS
## STANDING IN THIS MATTER

Appellant did not file a claim in the Debtor's bankruptcy case, as evidenced by the claims register maintained by the Bankruptcy Court Clerk.  Appellant, who signed the schedules under oath subject to penalty of perjury, did not list himself as a creditor of this estate.  *See* Bankruptcy Doc.  7, 8, 9.  Nevertheless, he has periodically attempted to object to motions filed by the Trustee in her attempt to administer the estate.  His objection to the Settlement Motion is the most recent of these attempts, but it is clear he lacked standing to be heard on this issue.

Bankruptcy courts are consistent in finding that a Chapter 7 debtor, or the principal of a corporate Chapter 7 debtor, lacks standing to challenge the actions of the bankruptcy trustee or the administration of the estate.  *See, e.g., Furlough v. Cage (In re Technicool Systems),* 896 F.3d 382 (5th Cir. 2008) (principal of a chapter 7 debtor corporation had no standing to challenge trustee's employment of counsel); *In re White*, 2018 Bankr. LEXIS 2289 (Bankr. E.D. Mich. 2018) (Chapter 7 debtor had no standing to challenge trustee's fees and expenses); *In re St. Michael Motor Express,* 2016 Bankr. LEXIS 959 (Bankr. W.D. Tenn. 2016) (principal of chapter 7 debtor had no standing to challenge trustee's abandonment of property because the case was not a surplus case); *Khan v. Regions Bank*, 2011 Bankr. LEXIS 3786 (Bankr. E.D. Tenn. 2011) (debtor in an insolvent case had no standing to challenge a proof of claim); *Ultimore, Inc. v. Bucala,* 464 B.R. 626 (Bankr. S.D.N.Y. 2012) (debtor had no standing to pursue a cause of action because it was not an interested party); *Boyd v. Shuford*, 2018 U.S. Dist. LEXIS 54661 (W.D.N.C. 2018) (Chapter 7 debtor had no standing to challenge attorneys' fees because it was not a surplus

case); *Pascazi v. Fiber Consultants, Inc.,* 445 B.R. 124 (Bankr. S.D.N.Y. 2011) (debtor's principal had no standing to object to a claim because the case was not a surplus case). This is because a Chapter 7 debtor, or its corporate principal, is not deemed an "interested party" by the courts. *Id.* The two exceptions to this general rule are (1) where a proceeding might affect a discharge or an exempt asset or (2) where the case is likely to be a surplus case. *See In re St. Michael Motor Express*, 2016 Bankr. LEXIS 959, *11 (Bankr. W.D. Tenn. 2016). If the debtor or its principal claims standing because a matter is a surplus case, it is the debtor's (or its principal's) burden to prove, with *concrete evidence*, that the case is likely to result in a surplus. *Id*.; *see also Simon v. Amir,* 436 B.R. 1, 11 (6th Cir. BAP 2010); *United States v. Jones,* 260 B.R. 415, 418 (E.D. Mich. 2000). A party seeking standing "cannot simply claim that there is a theoretical chance of a surplus in the estate, but must show that such a surplus is a reasonable possibility." *Simon v. Amir*, 436 B.R. at 11 (quoting *In re Rake,* 363 B.R. 146, 151 (Bankr. D. Idaho 2007)). The ability of a party to prove that a surplus is a reasonable possibility is an even more difficult burden when the primary asset upon which a surplus *might* be attained is contingent litigation, which is the case here. Valuing such "soft assets" is a difficult exercise for a court, and requires the court to discount those assets for cost of litigation and risks attendant to litigation. *Pascazi v. Fiber Consultants, Inc.*, 445 B.R. 124, 127-28 (S.D.N.Y. 2011).

In this matter, there will be no discharge (because the Debtor is a corporate entity) and there are no exempt assets. In order for the Appellant to affirmatively prove that he has standing to be heard in this matter, he has the burden of showing, with "concrete evidence" that there is a "reasonable possibility" of a surplus. The Bankruptcy Court

definitively found that he failed to meet that burden.[2]  Specifically, the Bankruptcy Court

found that "the Trustee's testimony is credible with respect to the uncertainty going forward

in the case, and the many factors that go into whether, in fact, certain monies are collected

for judgments, are in fact collected" and that "Mr. Manookian, to date, has not offered any

concrete evidence . . . that this is a surplus case." *See* Bankruptcy Doc. 157, p. 53 (emphasis

added).  Those findings led the Court to conclude that "Brian Manookian lacks standing to

challenge the Settlement Motion filed by the Trustee." *See* Bankruptcy Doc. 147.

The Bankruptcy Court's factual findings that the Appellant offered no concrete

evidence to establish that the Debtor's bankruptcy case is likely to have surplus assets were

correct and, therefore, its legal conclusion that the Appellant had no standing to object to

the Settlement Motion was the proper one.

### B.   APPELLANT IS ESTOPPED FROM ARGUING THAT HE HAS STANDING IN THIS MATTER

Even if Appellant could show, with some concrete evidence, that this case was

likely to be a surplus case, he is prohibited from making this showing due to the equitable

doctrine of estoppel.  Appellant personally signed statements under penalty of perjury that

list $70,000 of assets against listed claims exceeding $1 million and actual allowed claims

that already exceed $370,000 (prior to any allowance for the Chase Claim).  *See*

---

[2] The Trustee acknowledges that, during the Bankruptcy Court's oral ruling, it noted that "the burden was on Mr. Manookian to produce something tangible and concrete that the Court could rely on in  making a determination that the *[sic]* it's a high likelihood that this case would be a surplus case." *See* Bankruptcy Doc. 157, pp. 53-54.  However, the Bankruptcy Court went on to articulate findings of fact that show virtually no possibility of a surplus estate in this case.  Therefore, whether the Bankruptcy Court intentionally applied a "high likelihood" standard or whether it in fact applied a "reasonable possibility" standard, the findings by the Bankruptcy Court show that the Appellant failed to offer *any* concrete proof of a surplus.

Bankruptcy Doc. 9. Indeed, the Trustee currently holds approximately $85,000 with which to satisfy all administrative claims (including her commission and mounting legal fees) and unsecured claims of at least $370,000, plus the amount of the Chase Claim. *See* Bankruptcy Doc. 157, pp. 32-35.

The only other significant source of funds available to this estate depends upon the success of Adversary Proceeding No. 3:20-ap-9002 (the "Adversary Proceeding" or "Adv. Proc."), and successful collection of any judgment rendered therein. Not only did Appellant fail to list any cause of action related to the Adversary Proceeding in the schedules, he and his counsel have repeatedly stated, in open court and in filed pleadings, that the Adversary Proceeding has no merit. For example:

- Appellant denied, in a declaration signed under penalty of perjury on January 13, 2020, that the Trustee is entitled to recover any portion of the $715,000 held by the Bankruptcy Court Clerk or any other funds sought from the AP defendants. *See* Adv. Proc. Doc. 7, Exhibit 1.

- Manookian PLLC, which is wholly owned by Appellant and which is represented by the same counsel who now represents Appellant in this very appeal, denied in its Answer substantially all allegations of the Complaint filed in the Adversary Proceeding. *See* Adv. Proc. Doc. 43.

- In the Joint Pretrial Statement filed in the Adversary Proceeding, Manookian PLLC, the entity wholly owned by Appellant, adopted the argument of Afsoon Hagh and Hagh Law PLLC, including this portion: "The proof will show that at the point in time of its forced dissolution, CM's only 'property' were the contract rights available to it under CM's

engagement letters with its clients. The engagement letters at issue in this litigation plainly provide that if CM withdraws from the engagement, then the client only owes CM for any costs advanced. CM had no right to sell its clients or demand consideration beyond reimbursement of costs advanced. For this reason, all of the Trustee's claims fail." *See* Adv. Proc. Doc. 61, at p. 4.

- In opposing the Trustee's motion to stay discovery in the Adversary Proceeding, Manookian PLLC, through its attorney John Spragens, filed a pleading that repeatedly denied that the Adversary Proceeding has any merit, including this statement: "As part of the adversary proceeding, the Trustee sued two law firms and one lawyer making various not only unfounded claims, but claims that are demonstrably false, not subject to reasonable disagreement, and factually impossible." *See* Adv. Proc. Doc. 71, at p. 1.

Because of his multiple prior statements, under penalty of perjury and otherwise, that the Debtor has no substantial assets and that the Trustee's Adversary Proceeding has no validity, Appellant is now estopped from presenting any argument that this might be a surplus case. *Reynolds v. Commissioner of Internal Revenue*, 861 F.2d 469, 472-73 (6th Cir. 1988) (the doctrine of judicial estoppel prevents a party "from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding."). Not only should Appellant have been estopped from putting on any evidence or making any argument that it might be a surplus case before the Bankruptcy Court, he is estopped from taking such a position in this appeal. In short, he is estopped

from even espousing that this might be a surplus estate due to his recurring statements in court pleadings to the contrary.

It is not the Trustee's burden to disprove Appellant's standing or to disprove that this will be a surplus case, so her position on the Adversary Proceeding is irrelevant (despite Appellant's arguments to the contrary). Rather, it is Appellant's burden to prove standing and, in order to prove standing, he must show with concrete evidence that there is a reasonable likelihood that this case will be a surplus case. However, there is one major problem: Appellant, having repeatedly denied that this bankruptcy estate is solvent and having repeatedly stated that the Trustee's Adversary Proceeding has no factual basis, is now estopped from arguing that the estate might have surplus assets or that the Appellant's Adversary Proceeding is now likely to produce surplus assets for the estate. Simply put, he does not even get through the courthouse door to make the surplus argument because he has previously and repeatedly argued the opposite position. The Bankruptcy Court's finding that the Appellant lacks standing should be affirmed on grounds of judicial estoppel.

## C. EVEN IF HE HAD STANDING, APPELLANT HAS NOT DEMONSTRATED THAT THE COURT ERRED IN APPROVING THE PROPOSED SETTLEMENT

Interestingly, in his statement of the issues for this appeal, Appellant did not ask this Court to find that the Bankruptcy Court erred in its approval of the Settlement Motion, and the Appellant presented no argument to this Court that the Bankruptcy Court's approval of the Settlement Motion was clearly erroneous. With the Appellant failing to challenge the ultimate conclusion of the Bankruptcy Court, the Trustee believes that this appeal is moot. However, even if Appellant had properly raised the Bankruptcy Court's

Case 3:21-cv-00797   Document 9   Filed 12/20/21   Page 18 of 22 PageID #: 1317

approval of the Settlement Motion as an issue for this Court's consideration, it is clear that the Bankruptcy Court committed no error in approving the settlement.

The Bankruptcy Court specifically found that the Trustee appropriately exercised her business judgment in proposing the settlement outlined in the Settlement Motion:

> We have here a Trustee who's been on the panel for 24 years. We have a Trustee who took into account the risk. We have a Trustee who had an estate that was by her testimony administratively insolvent, with $85,000 of cash, and expenses exceeding $100,000. We have a Trustee who's actually articulated the likelihood that there would be litigation that would be long in duration, expensive, and run up bills for the estate without actually having money to pay those bills for the professional fees. Those alone would be enough to satisfy the business judgment rule given the Trustee has a duty, a fiduciary duty, to ensure some recovery for the creditors. In this case, based off what's in the estate now, the only recovery would be for professionals. So the settlement is not only a good thing for the estate, but the Trustee has articulated that, based off the assets claims and costs, and the goal being a meaningful distribution -- and the Trustee specifically used the words "to protect" the other creditors. The Trustee has clearly articulated that her business judgment is not one based in whim or folly, but one that's based on the facts in this particular case.

*See* Bankruptcy Doc. 157, pp. 113-14. This conclusion is far from clearly erroneous given the Trustee's uncontroverted testimony at the September 29, 2021 hearing.

Furthermore, the Bankruptcy Court specifically found that, even if the Appellant had been granted standing to object to the Settlement Motion, the outcome would have been the same. The Bankruptcy Court noted that, despite Appellant's lack of standing, it considered and rejected Appellant's opposition to the Settlement Motion:

> As part of this hearing strayed into Mr. Manookian and his objection, the Court will note that even if Mr. Manookian had standing to object, nothing in his pleadings or the evidence submitted would amount to a challenge to the Trustee's business judgment. However, that's not necessary to rule on his objection based off my previous ruling on standing.

*See* Bankruptcy Doc. 157, pp. 114-15.

The Appellant has failed to appeal the issue of whether the Bankruptcy Court properly found that the settlement proposed in the Settlement Motion was within the sound business judgment of the Trustee. Even if he had, and even if this Court were to find that the Appellant has standing and is not judicially estopped from arguing that he has standing, the Bankruptcy Court's approval of the Settlement Motion was well supported by the evidence and was not clearly erroneous. Thus, this appeal should be denied.

## VIII.  CONCLUSION

Appellant lacks standing to be heard in the bankruptcy case and he is judicially estopped from taking any other position. Nevertheless, the Bankruptcy Court considered and properly rejected his speculative and unfounded arguments that this estate is likely to be a surplus estate. The Bankruptcy Court then went even further, noting that it had considered Appellant's objections to the Settlement Motion despite his lack of standing but found that his objections were without merit. Based on all of the foregoing, the Bankruptcy Court's Order Granting Motion to Approve Compromise and Settlement and Finding that Brian Manookian Lacks Standing should be affirmed.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (21087)
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    615.465.6000
phillip@thompsonburton.com

Special Counsel for Appellee,
Jeanne Ann Burton, Trustee

## IX.     CERTIFICATE OF COMPLAINCE WITH FED. R. APP. P. 32(a)(7)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5248 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2011 in 12-point Times New Roman Font.

## X.    CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on this 20rd day of December, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system, by U.S. Mail, first-class, postage prepaid, and by email to all parties listed below. Parties may access this filing through the Court's electronic filing systems.

John Spragens
Spragens Law, PLC
311 22nd Avenue, North
Nashville, TN 37203


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.